**YING CAI, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] Respondent.**

**No. 06–4281–ag.**

United States Court of Appeals,
Second Circuit.

Feb. 7, 2008.

Frank R. Liu, Esq., New York, New York, for Petitioner.

Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. (Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, on the brief), for Respondent.

PRESENT: Honorable ROBERT D. SACK, Honorable ROBERT A. KATZMANN, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Ying Cai, a citizen of China, seeks review of a BIA order dated August 31, 2006, affirming without opinion the immigration judge's ("IJ") denial of her petition for asylum, withholding of removal, and relief pursuant to the Convention Against Torture. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Where the BIA summarily affirms the decision of an IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). The agency's factual findings, including adverse credibility determinations, are reviewed under the substantial evidence standard. *See Dong Gao v. BIA,* 482 F.3d 122, 126–

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

27 (2d Cir.2007). We treat those findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We identify no error in the IJ's determination that Cai has failed to make out claims of past persecution based on her whistle-blowing and pro-democracy activities in China. Nevertheless, because the IJ refused to consider Cai's I–589 written statement on adverse credibility grounds, he may not have sufficiently addressed allegations raised in that statement concerning Cai's fear of future persecution based on her pro-democracy activities in the United States. The IJ identified several "suspect" features of Cai's written statement: (1) the document was written in Chinese despite the fact that Cai indicated during her testimony that Korean is her primary language, (2) the document appeared "to be a typographical professional rendering of her statement that seems to be used in the creation of a magazine or publication" and Cai worked for a magazine in New York, and (3) "the written statement which is 19 pages long, when compared to her oral testimony, goes way beyond simple embellishment" and "clearly represents a document that was researched and compiled, and clearly not by [Cai]."

Cai provided explanations for some of the discrepancies: With respect to her use of the Chinese language, Cai stated that she was educated in Chinese schools, where she was taught written Chinese and, thus, is more proficient in written Chinese than written Korean. The IJ noted this explanation in his ruling, but failed to state whether or not he credited it. The omission is significant because "where it is not apparent on the face of the record that the IJ has considered the applicant's responses to the IJ's credibility concerns, we do

require the IJ to say enough to allow us to understand, and to review, the reasons for rejecting the applicant's testimony." *Pavlova v. INS,* 441 F.3d 82, 89–90 (2d Cir. 2006). With respect to Cai's submission of a typewritten document, she testified that she had typed the statement herself, without help from her employer. She further explained that her decision to type rather than handwrite her statement was "[i]n order to submit neat documentation to the judge." The IJ failed to discuss this testimony in his ruling, necessarily precluding our review. With respect to the differing levels of detail in Cai's written statement and her testimony, the IJ failed to identify this as an inconsistency or to seek an explanation as required by our precedent. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006) (holding that where inconsistency is not obvious on the face of alien's testimony, IJ must give alien an opportunity to address the inconsistency).

Given Cai's plausible explanations for several of the identified deficiencies and the IJ's failure to state any reasons for rejecting those explanations,[2] we cannot ensure that the IJ's adverse credibility determination as pertaining to the I–589 statement was not based on "bald speculation." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004) (holding that appellate review must ensure credibility findings are not based on "bald speculation or caprice"), *overruled in part on other grounds Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 306 (2d Cir.2007) (*en banc*). Accordingly, remand is required so that the IJ can address the claim raised in Cai's statement that she has a well-founded fear of *future* persecution because the Chinese government is aware of her publication in the United States of pro-democracy articles in the magazine *Beijing Spring.* We

---

**2.** We note that no convincing reasons are    apparent from the record.

express no opinion ourselves as to whether the written statement and testimony in support of this claim are sufficient, without further corroboration either from Cai's husband or any other source, to demonstrate a well-founded fear of future persecution.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.